```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CHANGGENG CHEN,                                                        :
                                                                       :
                              Petitioner,                              :
                                                                       :
               -v-                                                     :    25 Civ. 9995 (JPC)
                                                                       :
JUDITH ALMODOVAR, et al.,                                              :    OPINION AND ORDER
                                                                       :
                              Respondents.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Changgeng Chen ("Chen"), a citizen of China, filed a habeas petition arguing that his detention without a bond hearing violates the Immigration and Nationality Act ("INA") and denies him due process. The Court, however, recently concluded that "an alien who has never been lawfully admitted into this country . . . [is] subject to mandatory detention" without a bond hearing. *Yinxiao Chen v. Almodovar* ("*Yinxiao Chen*"), No. 25 Civ. 9670 (JPC), 2026 WL 100761, at *1 (S.D.N.Y. Jan. 14, 2026). By Chen's own acknowledgement, his case is "materially indistinguishable" from *Yinxiao Chen*. Accordingly, this Court's prior analysis governs, and so Chen's habeas petition is denied.

## I. Background

### A. Facts

Chen unlawfully entered the United States at or near San Luis, Arizona, at some point in May 2023. Dkt. 1 ("Petition"), Exh. B ("Notice to Appear") at 1. Then, on June 1, 2023, Chen was taken into custody by U.S. Customs and Border Protection and served with a Notice to Appear, which charged that Chen was inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien "who arrive[d] in the United States at any time or place other than as designated by the Attorney

General." *Id.*; *see also* Petition ¶ 45.  Later that same day, Chen was released on his own recognizance pursuant to 8 U.S.C. § 1226(a).  Dkt. 6 ("Opposition"), Exh. 1.

Over two years later, on December 2, 2025, U.S. Immigration and Customs Enforcement cancelled Chen's order of release and took him into custody in New York City.  Petition ¶ 41; *see* Opposition at 1.  Later that day, Chen was moved to the Delaney Hall Detention Facility in Newark, New Jersey, where he has since been detained without a bond hearing.  Opposition at 2.

**B.      Procedural History**

On December 2, 2026, the same day that he was detained in New York City, Chen initiated this action by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Dkt. 1.[1] Chen's Petition names Judith Almodovar, Kristi Noem, Pamela Bondi, and the Executive Office for Immigration Review (collectively, the "Government") as Respondents.  *See* Petition at 1, ¶¶ 16-19.

The Government responded to Chen's Petition on December 12, 2025, Dkt. 6, and Chen submitted a reply in support of his Petition on December 18, 2025, Dkt. 7.  After issuing its January 14, 2026 decision in *Yinxiao Chen*, 2026 WL 100761, the Court ordered Chen to submit a letter "explaining whether there is any basis to distinguish his case from [that] decision."  Dkt. 8.  In response, Chen submitted a letter on February 16, 2026, urging the Court to "reconsider its reasoning," but otherwise conceding that "the facts of [the two] case[s] are materially indistinguishable."  Dkt. 9 ("Chen Letter").

---

[1] The Government does not challenge Chen's assertion of this Court's jurisdiction over the Petition.  *See* Petition ¶ 8 ("Petitioner is in the physical custody of Respondents.  Petitioner is detained at [] 26 Federal Plaza, New York, NY 10278."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (explaining that "the general rule that for core habeas petitions challenging present physical confinement" is that "jurisdiction lies in only one district: the district of confinement").

## II. Legal Standard

The writ of habeas corpus extends to a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  District courts may grant such a writ "within their respective jurisdictions." *Id.* § 2241(a).  The court must "dispose of the matter as law and justice require." *Id.* § 2243.  Where, as here, a petition "present[s] only issues of law," the court may adjudicate it "without a hearing." *Tumba v. Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025) (quoting 28 U.S.C. § 2243).

## III. Discussion

### A.   *Yinxiao Chen v. Almodovar*

In *Yinxiao Chen*, this Court addressed the question of whether "an alien who has never been lawfully admitted into this country—but has been living here nonetheless—[is] subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) or alternatively entitled to a bond hearing under 8 U.S.C. § 1226(a)." 2026 WL 100761, at *1.  After "examining the plain text of Section 1225(b)(2)(A) in context of the INA's full statutory scheme," this Court concluded that for those aliens not expressly excepted from Section 1225(b)(2)(A)'s coverage, the statute's "plain language imposes two"—and only two—requirements for mandatory detention without bond: "(1) the noncitizen must be 'an applicant for admission' and (2) 'the examining immigration officer' must determine that the 'alien seeking admission is not clearly and beyond a doubt entitled to be admitted.'" *Id.* at *1, *8 (quoting 8 U.S.C. § 1225(b)(2)(A)).  And because "an applicant for admission is someone who, under the statute, is necessarily seeking admission," Section 1225(b)(2)(A) covers "all applicants for admission, including those 'present in the United States' who have 'not been admitted' and never gained lawful entry into the country after inspection and authorization by an immigration officer, regardless of how long they have been present." *Id.* at *9, *13 (citing 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1), (b)(2)(A)).  "Those applicants must be

3

Case 1:25-cv-09995-JPC   Document 10   Filed 02/24/26   Page 4 of 7

detained" without bond "when 'the examining immigration officer determines' that they are 'not clearly and beyond a doubt entitled to be admitted.'" *Id.* at *13 (quoting 8 U.S.C. § 1225(b)(2)(A)).

This Court then explained why the petitioner in *Yinxiao Chen* was "covered by Section 1225(b)(2)(A)," thus requiring his detention "without a bond hearing." *Id.* First, the petitioner was an applicant for admission—and thus seeking admission—because he "arrived in the United States but was not then admitted or paroled after inspection by an Immigration Officer, meaning that he [was] an alien present in the United States who ha[d] not been admitted or paroled." *Id.* (internal quotation marks omitted); *see* 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1), 1225(b)(2)(A) (providing the relevant meaning of "applicant for admission"). Second, an examining immigration officer had determined that the petitioner was not clearly and beyond a doubt entitled to be admitted: "when [the petitioner] was first arrested" upon crossing the border in California, "a Border Patrol Agent determined" that he was "inadmissible as an alien who [had] arrived in the United States at any time or place other than as designated by the Attorney General." *Yinxiao Chen*, 2026 WL 100761, at *13 (internal quotation marks omitted); *see* 8 U.S.C. § 1182(a)(6)(A)(i) (applicable grounds for inadmissibility). Nor did it matter that the petitioner initially had been detained and released in California "purportedly under Section 1226," as his "status as an applicant for admission ha[d] remained unchanged," and there was no "basis in the INA for the proposition that if an alien is released pursuant to Section 1226, any rearrest must also be made pursuant to Section 1226 with any attendant protections under that provision." *Yinxiao Chen*, 2026 WL 100761, at *14 (citation modified).

Because Section 1225(b)(2)(A)'s two prerequisites were met, this Court concluded that the petitioner was "properly detained without bond under" that provision. *Id.* at *14. In addition to rejecting the petitioner's statutory argument, this Court also rejected the petitioner's due process

4

claim for two independent reasons. First, his due process claim "simply rehashe[d] his statutory claim," which this Court had just dismissed. *Id.* And second, even taking the constitutional claim on its own terms, the petitioner's "detention under Section 1225(b)(2)(A) comport[ed] with due process." *Id.* That was because "[d]etention during removal proceedings is a constitutionally valid aspect of the deportation process," and the Second Circuit had already recognized that "'due process does not require an *initial* bond determination for those detained under [S]ection 1226(c),' a provision mandating detention pending removal proceedings just like Section 1225(b)(2)(A)." *Id.* (first quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020), and then quoting *Black v. Decker*, 103 F.4th 133, 142 (2d Cir. 2024)). "[G]iven the relatively short duration of [the petitioner's] detention—under two months—any constitutional argument for habeas relief separate from the statutory one raised [t]here, if possible, would be premature." *Id.* (citation modified). So the Court denied the habeas petition in full. *See id.* at *15.

*Yinxiao Chen* was decided "[i]n the absence of precedential authority from the Supreme Court or the Second Circuit," *id.* at *1, which remains true today. The Court thus sees no reason to depart from its prior interpretation of the INA, which has only been bolstered by recent persuasive authority from the Fifth Circuit and other judges in this District. *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Nos. 25-20496, 25-40701, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *Deras Arana v. Arteta*, No. 26 Civ. 240 (GHW), 2026 WL 279786 (S.D.N.Y. Feb. 3, 2026); *Weng v. Genalo*, No. 25 Civ. 9595 (JHR), 2026 WL 194248 (S.D.N.Y. Jan. 25, 2026).

**B.     Analysis**

As Chen acknowledges, his case is "materially indistinguishable" from the Court's decision in *Yinxiao Chen*, and thus "there is no legal or factual basis to distinguish this current matter from that case." Chen Letter at 1. The Court agrees with that characterization. Chen was an applicant for admission—and thus seeking admission—because he was present in the United

5

States but had not been admitted or paroled.  Petition, Exh. B ("Notice to Appear"); *see* 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1), 1225(b)(2)(A).  Further, an examining immigration officer had determined that the Chen was not clearly and beyond a doubt entitled to be admitted based on the officer's determination that Chen was inadmissible as an alien who had "arrived in the United States at any time or place other than as designated by the Attorney General."  Notice to Appear at 1; *see* 8 U.S.C. § 1182(a)(6)(A)(i).

If any distinction may be drawn, it is that Chen has been detained for slightly *over* two months, whereas the petitioner in *Yinxiao Chen* was detained for slightly *under* two months.  But given that the Second Circuit has not even adopted a "rule requiring a bond hearing after *six* months of detention," *Black*, 103 F.4th at 150 (emphasis added), there is no constitutional significance in the modest difference between the detention period here and the detention period in *Yinxiao Chen*.[2]

---

[2] While not mentioned in Chen's February 16, 2026 letter, his reply brief cites the grant of declaratory relief to the nationwide class in *Bautista v. Santacruz*, --- F. Supp. 3d ----, No. 5:25 Civ. 1873 (SSS), 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), and contends that "[i]t remains unsettled whether individuals such as [Chen] fall within the class definition."  Reply at 7.  By its own terms, that court's declaratory judgment that class members are detained under Section 1226 rather than Section 1225(b)(2)(A) applies to

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista*, 2025 WL 3713987, at *32.

There are open questions concerning the lawfulness of the declaratory judgment in *Bautista* and whether the Government is bound by it.  *See Calderon Lopez v. Lyons*, --- F. Supp. 3d ----, No. 1:25-CV-226-H, 2025 WL 3683918, at *14 (N.D. Tex. Dec. 19, 2025) (concluding that orders in *Bautista* were "advisory" and "violate[d] the INA's limits on judicial review"); *id.* at *7 n.14 ("[B]ecause the Central District [of California] lacks jurisdiction under the INA to hear the APA challenge to the DHS policy, its December 18 order lacks the authority necessary to vacate the policy.").  But regardless of whether Chen falls within the class definition in *Bautista*, and even assuming that the judgment is lawful and binding on the Government, the Central District of California itself acknowledged that because its "jurisdiction to grant habeas relief is limited to those within the judicial district," it could not "order nationwide release or bond hearings for . . .

6

Unless the Supreme Court or the Second Circuit reaches a different conclusion on the difficult and important questions of statutory and constitutional interpretation posed here, the undersigned is compelled to adjudicate cases consistently. Chen's challenge to his detention without a bond hearing therefore fails for the same reasons expressed in *Yinxiao Chen*.

### IV. Conclusion

For the above reasons, Changgeng Chen's Petition for a Writ of Habeas Corpus is denied. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 24, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

---

class members, especially so to those confined outside th[at] judicial district." *Bautista*, 2025 WL 3713987, at *30 (citing *Padilla*, 542 U.S. at 443). This Court therefore is not and cannot be bound by the decision in *Bautista*.